177 Cal.App.4th 1525 (2009)
Guardianship of K.S., a Minor.
HAL S., as Guardian, etc., Petitioner and Respondent,
v.
JAMES VALENTINE, as Trustee, etc., Objector and Appellant.
No. H032581, H033376.
Court of Appeals of California, Sixth District.
September 30, 2009.
*1527 WealthPLAN and Francis B. Doyle for Objector and Appellant.
Law Offices of Kenneth C. Moore, Kenneth C. Moore; Law Offices of John H. Coward and John H. Coward for Petitioner and Respondent.

*1528 OPINION
RUSHING, P. J. 
The instant case concerns two appeals. Both in part relating back to James Valentine's removal as trustee for day trading with trust funds and his payment, to himself, of $250,000 for services. In the first, case No. H032581, appellant James Valentine[1] seeks review of an order of the superior court denying his objections and approving the third guardianship accounting petition filed by respondent Hal S. In the second appeal, appellant Valentine seeks review of the superior court's order that he pay Hal S. compensatory damages in the amount of $77,573.40, based upon Valentine's unreasonable and bad faith assertion of meritless objections in violation of Probate Code section 2622.5.

STATEMENT OF THE FACTS AND CASE
Respondent Hal S. is the guardian and father of minor K.S. Hal S. was appointed guardian of K.S. and his brother Derek, who is now an adult, in 2001.
Appellant James Valentine is the suspended trustee of a life insurance trust (hereinafter referred to as the KMP Trust) established by K.S. and Derek's mother, Kelsey P., to provide for the "health, maintenance, education, travel, and welfare, and general welfare," of the boys at the time of her death. Kelsey P. died in a plane crash on October 2, 2000.
Upon Kelsey P.'s death in 2000, Hal S. became the single guardian of the boys. Valentine served as trustee of the KMP Trust, and provided support for the boys pursuant to the provisions of the trust. In May 2001, the trust was funded with $20,524,234 from the proceeds of Kelsey P.'s life insurance policy. Valentine initially transferred $54,000 to K.S.'s guardianship account on May 31, 2001, and continued to disperse $6,000 per month to the account until the time he was suspended as trustee in March 2007.
In January 2007, Hal S. filed his third account and report of guardian and petition for attorney fees that included the period from October 2004 to October 2006. Valentine filed objections to the third account in March 2007, and filed amended objections in April 2007. Hal S. filed a reply to the objections in June 2007, asserting that the objections were without merit and that pursuant to Probate Code section 2622,[2] Valentine had no standing to assert his objections.
*1529 In August 2007, the court ruled that Valentine was an "interested" party under Probate Code section 2622, and permitted Valentine to proceed to trial on the objections. The court also appointed an attorney to represent the interests of K.S. Prior to trial in December 2007, Valentine filed supplemental objections.
During trial, attorney for K.S., Deborah Malkin, represented to the court that she was satisfied with Hal S.'s expenditures as stated in the third account. After Valentine's case-in-chief, the court granted Hal S.'s motion for judgment under Code of Civil Procedure section 631.8. Hal S. then moved for attorney fees and costs under Probate Code section 2622.5, which provides compensation if the court determines objections are brought in bad faith.
An evidentiary hearing was held in July 2008, on the issue of attorney fees. The court found that Valentine's objections were unreasonable and were filed in bad faith. The court ordered Valentine to pay attorney fees and costs to Hal S. in the amount of $77,573.40.
Valentine filed two notices of appeal in the case. The first is case No. H032581, and concerns the trial court's denial of his objections and approval of Hal S.'s third account. The second appeal is case No. H033376, and concerns the court's award of attorney fees and costs to Hal S. pursuant to Probate Code section 2622.5.

DISCUSSION

Appeal in Case No. H032581Objections and Approval of Third Account
Valentine asserts the trial court erred in granting Hal S.'s motion for judgment pursuant to Code of Civil Procedure section 631.8. Valentine also asserts the court erred in denying his objections to the third accounting.
A fundamental rule of appellate review is that "`[a] judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (Denham v. Superior Court (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; see Conservatorship of Rand (1996) *1530 49 Cal.App.4th 835, 841 [57 Cal.Rptr.2d 119].) The party challenging the order has the burden to show that the court abused its discretion or that the order was not supported by substantial evidence. (Denham v. Superior Court, supra, 2 Cal.3d at p. 566; Estate of Leslie (1984) 37 Cal.3d 186, 201 [207 Cal.Rptr. 561, 689 P.2d 133].)

Applicability of Code of Civil Procedure section 631.8
Initially, Valentine argues the court improperly granted judgment in favor of Hal S. at the close of Valentine's case-in-chief, because Code of Civil Procedure section 631.8 is inapplicable in probate proceedings such as the instant case. The basis of Valentine's argument appears to be that as guardian, Hal S. had the burden of proof as to the third accounting, and therefore, judgment at the close of Valentine's case-in-chief as to the objections was improper.
Valentine provides no authority for the proposition that Code of Civil Procedure section 631.8 does not apply to probate proceedings. Indeed, there are cases in which courts have granted judgment pursuant to Code of Civil Procedure section 631.8 in probate actions. (See, e.g., Estate of Truckenmiller (1979) 97 Cal.App.3d 326 [158 Cal.Rptr. 699].)
(1) Moreover, Valentine's argument that judgment was improper in this case because Hal S. had the burden of proof regarding the third accounting is equally specious. By analogy to conservatorship proceedings, guardianship accountings require the same procedure for filings and objections (See, e.g., Prob. Code, §§ 2610 & 2614 [conservatorship provisions stating requirements for accountings and objections], 2620 & 2622 [guardianship provisions stating requirements for accountings and objections].) In conservatorship proceedings, "the burden of proof in any hearing on objections is on the objector." (Conservatorship of Hume (2006) 140 Cal.App.4th 1385, 1390 [44 Cal.Rptr.3d 906].)
Because the statutory mechanism for conservatorship accountings and objections is the essentially the same as that for guardianship accountings and objections, the same principles as stated in Hume regarding the burden of proof apply. Here, as objector at the trial, Valentine had the burden of proof regarding his objections. The court, having determined that Valentine failed that burden, acted entirely within its discretion when it entered judgment in favor of Hal S. at the conclusion of Valentine's case-in-chief pursuant to Code of Civil Procedure section 631.8.

Objections Asserted at Trial
On appeal, Valentine asserts the court erred in its ruling on his objections to the third account. Specifically, Valentine asserts the court erred as to his *1531 objections that Hal S. improperly used guardianship funds for the minor's support, that the shared equity agreement between Hal S. and the minor was unfair to the minor, and that the wrongful death proceeds from the death of the minor's mother were mishandled.
With regard to the use of the guardianship funds, the basis of Valentine's objection is his argument that Hal S., as the minor's father, should have exhausted his own personal funds before he was permitted to use the funds in the KMP Trust for the care and maintenance of the minor.
In the trial court and on appeal, Valentine cites Armstrong v. Armstrong (1976) 15 Cal.3d 942 [126 Cal.Rptr. 805, 544 P.2d 941] for the proposition that a minor's property held in trust may not be used for his support when a living parent has the obligation to provide for the minor's basic support needs. Valentine asserts the holding in Armstrong requires that Hal S., as the minor's father in this case, exhaust his own personal resources to provide for the minor's maintenance before dipping into the assets of the trust.
(2) The problem with Valentine's position is that while the Armstrong case does state that a parent must provide for the needs of his or her minor child regardless of the child's property, there is an exception to this rule when there is a trust and "the express purpose of the trust in question [is] contribution to the support and maintenance of the child." (Armstrong v. Armstrong, supra, 15 Cal.3d at p. 949.) Here, the KMP Trust was specifically created by the minor's mother for the "health, maintenance, education, travel, and welfare, and general welfare" of the minor. Moreover, the court found that Hal S. was using his own funds to support the minor in addition to the funds provided by the trust. As such, we find no abuse of discretion by the trial court in overruling Valentine's objection to Hal S.'s use of the trust funds.
In addition to the use of the guardianship funds, Valentine also asserts the court erred in overruling his objection to the shared equity agreement between Hal S. and the minor. However, the shared equity agreement was approved as part of the second account, and therefore, Valentine's objection in the instant case was untimely. Such an action is an improper attempt by Valentine to relitigate prior guardianship accounts. (Estate of Joslin (1958) 165 Cal.App.2d 330 [332 P.2d 151].) The trial court did not abuse its discretion in overruling Valentine's objection as to the shared equity agreement.
Finally, Valentine asserts the court erred in overruling his objection to the handling of Kelsey P.'s wrongful death proceeds. Other than to argue that the *1532 court should have found the funds were mishandled, Valentine does not demonstrate on appeal how, if at all, the court abused its discretion in overruling the objection. Indeed, Valentine provides no basis for his argument that the funds were mishandled. The court did not abuse its discretion in overruling Valentine's objection to the handling of the wrongful death proceeds.

Evidentiary Exclusions During Trial
Valentine asserts the court erred in excluding certain evidence he wished to produce during the trial on the objections to the third account. Specifically, Valentine argues the court should have allowed evidence of a compromise settlement with the minor, and evidence of funds advanced by Hal S. to the guardianship to finance litigation regarding the trust.
With regard to the compromise settlement, Valentine asserts this evidence would demonstrate a breach of fiduciary duty on the part of Hal S. However, as in the case of the shared equity agreement above, the issue of the compromise settlement with the minor was approved in a prior intermediate accounting, not during the period of the third account that was the subject of the trial. As such, Valentine's argument was untimely, and his request to produce the evidence of the compromise settlement was properly denied. (Estate of Joslin, supra, 165 Cal.App.2d 330.)
In addition to evidence about the compromise settlement, Valentine also asserts the court erred in excluding evidence related to funds that were advanced by Hal S. to the guardianship for the purpose of litigation of the trust. However, Valentine provides no substantiation to this argument on appeal, and does not demonstrate that the trial court erred in any way in excluding this evidence.

Appeal in Case No. H033376Order Awarding Hal S. Compensatory Costs Pursuant to Probate Code Section 2622.5
Valentine argues the trial court's award of attorney fees pursuant to Probate Code section 2622.5 was improper, because his objections to the third account were neither made in bad faith, nor were they objectively unreasonable. In the alternative, Valentine asserts the total of $77,573.40 should be reduced by certain amounts not incurred specifically in defending the asserted objections.[3]

*1533 Court's Finding That Objections Were Made in Bad Faith

Valentine asserts the court erred in finding his objections to the third account were made in bad faith and without reasonable cause.
In the instant case, the trial court awarded fees pursuant to Probate Code section 2622.5, which provides: "(a) If the court determines that the objections were without reasonable cause and in bad faith, the court may order the objector to pay the compensation and costs of the conservator or guardian and other expenses and costs of litigation, including attorney's fees, incurred to defend the account. The objector shall be personally liable to the guardianship or conservatorship estate for the amount ordered. [¶] (b) If the court determines that the opposition to the objections was without reasonable cause and in bad faith, the court may award the objector the costs of the objector and other expenses and costs of litigation, including attorney's fees, incurred to contest the account. The amount awarded is a charge against the compensation of the guardian or conservator, and the guardian or conservator is liable personally and on the bond, if any, for any amount that remains unsatisfied." (Italics added.)
Here, after reviewing and overruling all of Valentine's objections to the third account, the court stated: "[Valentine's] objections were objectively unreasonable. Anyone with any level of sophistication in probate matters would know that [his] objections would not be sustained given the history and prior rulings in this matter. [¶] Bad faith is difficult to identify absent an admission; however, given the objective unreasonableness of the objections, the sophistication of the objector and his counsel, the personal animosity between the objector and the guardian, and the status of the litigation involving the trust in Santa Clara County, the court an only infer that the objections were brought for reasons other than the merits of the accounting filed. Such conduct supports a finding of bad faith."
(3) We find no abuse of discretion in the trial court's finding of bad faith and objective unreasonableness. On appeal, Valentine attempts to argue that the objections were meritorious; thus, demonstrating that he did not act in bad faith. However, we find not only that the objections to the third account have no merit, but also that they were very imprudently brought. In particular, Valentine objected to issues previously resolved in favor of Hal S. in prior accountings that were entirely outside the time period of the third account. This conduct can only be seen as Valentine's attempt to improperly relitigate the issue. In addition, Valentine asserted objections without a factual basis, and presented no evidence in the trial court to support his arguments. The *1534 totality of the facts provides support for the court's finding that Valentine brought the objections in bad faith and without reasonable cause.

Offset of Total Amount of Fees
On appeal, Valentine asserts the trial court erred in awarding the full amount of $77,573.40, because some of that total was for costs that were not associated with defending the objections specifically. Valentine argues the total should be reduced by $15,310.08 for Hal S.'s costs in pursuing a standing motion related to Valentine's, $32,625 for Valentine's costs in defending the standing motion, and $20,840.12 for Hal S.'s costs in pursuing his motion for attorney fees, because these costs were not incurred in defense of the objections.
"A trial court's determination of reasonable attorney fees is reviewed under the abuse of discretion standard. [Citation.] `The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action ...." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.' [Citation.]" (Lealao v. Beneficial California, Inc. (2000) 82 Cal.App.4th 19, 25 [97 Cal.Rptr.2d 797].)
(4) Of particular importance to Valentine's position is the meaning of "defend" as stated in the statute. We construe Probate Code section 2622.5 "`to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] But "[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." [Citations.] Thus, "[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act." [Citation.] Finally, we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]'" (People v. Thomas (1992) 4 Cal.4th 206, 210 [14 Cal.Rptr.2d 174, 841 P.2d 159].)
Initially, with regard to both parties' costs associated with Hal S.'s standing motion, there is no question that Hal S.'s position that Valentine lacked standing to assert his objections under Probate Code section 2622 is an argument in "defense" of Valentine's objections. Indeed, it is the most *1535 reasonable initial defensive position a litigant could take. The fact that the court ultimately ruled that Valentine had standing to assert his objections does not make Hal S.'s arguments any less defensive. Contrary to Valentine's position, Hal S.'s standing arguments were not offensive; rather, they were brought in response to Valentine's objections. As such the costs associated with the motion were properly within the award of attorney fees in this case.
(5) Moreover, although the court did find that Valentine had standing to assert his objections as an interested party under Probate Code section 2622, the trial court was correct that Valentine was not entitled to an offset for the $32,625 he incurred in asserting the issue. Probate Code section 2622.5, which provides for the award of attorney fees, mandates that before fees are ordered, the court must find that the party required to pay "was without reasonable cause and in bad faith," not simply that they were unsuccessful in the action. (Italics added.) Here, there was no finding that Hal S. took any action, or made any argument without reasonable cause or in bad faith. Therefore, although he was the prevailing party on the issue of standing, Valentine is not entitled to an offset for the costs he incurred in asserting this argument in the trial court.
In addition to the offset for the costs associated with the standing motion, Valentine also argues he is entitled to an offset for Hal S.'s costs associated with his motion for attorney fees in the amount of $20,840.12. Valentine focuses heavily on the language in the statute that the award amount is for the defense of objections, rather than an offensive action such as the motion for attorney fees.
(6) While Probate Code section 2622.5 does specifically provide compensation for fees incurred to defend the account from unreasonable objections, it does not preclude compensation for costs associated with collecting those fees. Here, Hal S. incurred $20,840.12 in bringing his motion for attorney fees incurred to defend Valentine's unreasonable and bad faith objections. Those fees would not have been incurred had Valentine not pursued frivolous and bad faith objections to the account. Moreover, when read as a whole, the statute is clearly designed to fully compensate a party when he or she must defend against the bad faith actions of another party. To exclude the costs associated with the motion for attorney fees because they were not in "defense" of the objections is to ascribe the statute with a "`"literal meaning [that] would result in absurd consequences which the Legislature did not intend."'" (People v. Thomas, supra, 4 Cal.4th at p. 210.)

*1536 DISPOSITION
In case No. H032581, the judgment is affirmed. In case No. H033376, the order appealed from is affirmed.
Premo, J., and Elia, J., concurred.
NOTES
[1] The motion for order substituting Bonnie Burdett and Joyce Anthony, successor interim trustees of the KMP Irrevocable Trust in place of James Valentine, filed March 25, 2009, and ordered considered with the appeal is denied.
[2] Probate Code section 2622 provides: "The ward or conservatee, the spouse of the ward or the spouse or domestic partner of the conservatee, any relative or friend of the ward or conservatee, or any creditor or other interested person may file written objections to the account of the guardian or conservator, stating the items of the account to which objection is made and the basis for the objection."
[3] Valentine also argues the propriety of the trial court's ruling on the objections. These arguments are identical to those made in the appeal in case No. H032581, and are addressed previously in this opinion.