Filed 6/24/14  Marriage of Shepard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of WENDY and STEPHEN SHEPARD. | H039034 (Santa Clara County Super. Ct. No. 6-09-FL002923) |
| WENDY SHEPARD, Respondent, v. STEPHEN SHEPARD, Appellant. | |

Stephen Shepard (hereafter "husband") appeals from a final judgment dissolving his marriage to Wendy Shepard (hereafter "wife").  On appeal, husband contends that the trial court erred in ordering him to pay wife $84,420 as an equalizing payment in the division of the community property.  As set forth below, husband has failed to provide an adequate record, and we therefore must affirm.

## BACKGROUND[1]

On June 26, 2012, the trial court held a trial to determine "the characterization, valuation, and division of the financial institution accounts" and the "equalization of the vehicles." At the trial, wife introduced 14 documents into evidence, including bank account statements, retirement account statements, annuity account statements, a life insurance policy summary, joint tax returns, and Blue Book valuations for the vehicles owned by husband and wife. Wife testified regarding the sources from which the various accounts were funded. During her testimony, she stated the balances of some, but not all, of the accounts. She also testified regarding the values of all the vehicles. Husband did not introduce any documents into evidence.

At the close of the evidence, the court took the matter under submission. The court stated that it would be "reviewing the evidence and the testimony."

On September 18, 2012, the court entered a judgment of dissolution of the marriage. The property order attached to the judgment awarded the following community property to wife: a Meriwest Credit Union account, a Bank of America account, a New York Life annuity, a Charles Schwab IRA in wife's name, and a 2004 Ford Explorer. The property order awarded the following community property to husband: a Wells Fargo account, a New York Life insurance policy, a New York Life annuity, a Charles Schwab IRA in husband's name, a BMW motorcycle, and a 2002 Toyota. The values of the financial accounts and vehicles were not included in the property order. The property order required husband to pay wife the sum of $84,420 in order to "equalize the division of the community property."

---

[1] In his opening brief, husband notes that the appellate record is "abbreviated." Given the scanty appellate record, we are able to provide only a limited account of the factual and procedural history of the case.

DISCUSSION

Husband contends that the order requiring him to pay wife an $84,420 equalizing payment resulted in an unequal division of the community property. He accordingly requests that we reverse the judgment and remand the matter for an equal division of the community property. He has failed, however, to provide this court with copies of all the documents entered into evidence at the trial.

"Once the court determines the assets and liabilities of the community estate, it must value them and make an equal division of the estate." (*In re Marriage of Finby* (2013) 222 Cal.App.4th 977, 984.) The trial court "possesses broad discretion to determine the manner in which community property is awarded in order to accomplish an equal allocation." (*In re Marriage of Andresen* (1994) 28 Cal.App.4th 873, 880.) "If the circumstances warrant, the court may award one or more items of the property to one party and require that party to make an equalizing payment to the other." (*Ibid.*)

"A fundamental rule of appellate review is that ' "[a] judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*In re Guardianship of K.S.* (2009) 177 Cal.App.4th 1525, 1529, italics in original.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) " 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Ibid.*)

Here, husband has failed to provide this court an adequate record. Of the 14 documents entered into evidence at the trial, only two of the documents are included in the appellate record. The 14 documents provided the values of the assets at issue in

this dissolution proceeding. Without access to all the documents entered into evidence, it is impossible for us to determine whether the trial court equally divided the community property. Contrary to husband's assertion, wife's testimony does not provide an adequate basis for this court to review his claim—wife did not testify regarding the value of every community asset described in the documents missing from the appellate record. Accordingly, because husband has failed to provide this court an adequate record, the judgment must be affirmed.

**DISPOSITION**

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.

4