[No. S025251. Dec. 14, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DERRICK LEON THOMAS, Defendant and Appellant.

**COUNSEL**

George L. Schraer, under appointment by the Supreme Court, and Winifred T. Gross, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass and John H. Sugiyama, Assistant Attorneys General, Martin S. Kaye, Laurence K. Sullivan, Herbert F. Wilkinson

and Ronald S. Matthias, Deputy Attorneys General, for Plaintiff and Respondent.

Michael R. Capizzi, District Attorney (Orange) and E. Thomas Dunn, Jr., Deputy District Attorney, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

LUCAS, C. J.—In 1989, the Legislature amended Penal Code section 1170.1, subdivision (h) (all further statutory references are to this code), by deleting section 12022.5 (firearm use enhancements) from the list of statutory enhancements that a trial court might, in its discretion, strike if sufficient "circumstances in mitigation" exist. The question arises whether trial courts nonetheless may continue to strike such firearm use enhancements "in furtherance of justice" under section 1385. Because we find clear legislative intent to withhold such authority, we conclude the Court of Appeal in the present case correctly ruled the trial court herein lacked such authority.

On January 7, 1990, defendant Derrick Leon Thomas (age 18) and his companion (age 17) robbed a store in Palo Alto. Defendant was holding a loaded .22-caliber gun borrowed from his companion, who had taken it from his mother without her knowledge. The robbers took and divided $160 in cash, fled on bicycles, and were arrested a few minutes later.

A complaint charged defendant with robbery (§ 211), and alleged a firearm use (§ 12022.5, subd. (a)) and probation ineligibility (§ 1203.06). Defendant negotiated a plea bargain, the precise term of imprisonment conditioned on the result of his motion to strike the firearm use enhancement. In support of his motion to strike, defendant submitted an evaluation of the interviewing counselor, who concluded that the robbery was an isolated and impulsive act not likely to be repeated by defendant. The People argued the trial court lacked authority to entertain the motion to strike. The court denied defendant's motion, without indicating whether or not it was exercising discretion under section 1385. Pursuant to the terms of defendant's plea bargain, he was then sentenced to a five-year term of imprisonment. Defendant appealed.

The Court of Appeal affirmed, concluding the trial court lacked authority to entertain a motion under section 1385 to strike a firearm use enhancement provided for by section 12022.5. As will appear, we agree.

### 1. *The applicable statutes*

Section 12022.5, subdivision (a), in pertinent part provides for an enhanced punishment of three, four or five years' imprisonment for "any person who personally uses a firearm in the commission or attempted commission of a felony . . . ."

Section 1170.1, subdivision (d), provides that when the court imposes a prison sentence for a felony (see generally § 1170), "the court shall also impose the additional terms provided" in 16 specified sections of the Penal Code and the Health and Safety Code, including section 12022.5, "unless the additional punishment therefor is stricken pursuant to [section 1170.1,] subdivision (h)."

Section 1170.1, subdivision (h), provides that "Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided" in 13 of the 16 enhancement sections set forth in section 1170.1, subdivision (d), "if it determines that there are circumstances in mitigation of the additional punishment. . . ."

Until 1989, section 12022.5 was one of the sections listed in section 1170.1, subdivision (h). The Legislative Counsel's Digest comment concerning the proposal to delete reference to section 12022.5 explained the amendment as follows: "Existing law relating to sentencing authorizes a court to strike the additional enhancement involving the personal use of a firearm in the commission . . . of a felony . . . . [¶] *This bill would delete that authorization.*" (Legis. Counsel's Dig., Assem. Bill No. 566 (1989-1990 Reg. Sess.), italics added.)

Finally, section 1385, subdivision (a), permits the sentencing authority "in furtherance of justice [to] order an action to be dismissed." In its 1989 amendment to section 1170.1, subdivision (h), the Legislature deleted reference to section 12022.5, but did not alter or refer to the language of section 1385.

### 2. *Discussion*

■ Defendant contends the trial court erred in denying his motion to strike the firearm use enhancement without exercising the court's "furtherance of justice" discretion under section 1385. As defendant observes, the power to dismiss an "action" under section 1385 includes the power to dismiss or strike an enhancement. (See *People* v. *Fritz* (1985) 40 Cal.3d 227, 229-230 [219 Cal.Rptr. 460, 707 P.2d 833]; *People* v. *Williams* (1981) 30

Cal.3d 470, 482-483 [179 Cal.Rptr., 637 P.2d 1029]; *People* v. *Burke* (1956) 47 Cal.2d 45, 50-51 [301 P.2d 241]; *People* v. *Dorsey* (1972) 28 Cal.App.3d 15, 18-20 [104 Cal.Rptr. 326]; cf. § 1385, subd. (b) [abrogating *Fritz*'s holding that section 1385 may be used to strike "prior serious felony" enhancements under section 667].)

The People, on the other hand, contend that by amending section 1170.1, subdivision (h), to delete the reference to section 12022.5, the Legislature expressed a clear intent to divest the courts of discretion to strike firearm use enhancements. The People suggest further that the Legislature's failure to likewise amend or refer to section 1385 was, at most, a drafting "oversight" of a kind to which we have previously referred. (See, e.g., *People* v. *Pieters* (1991) 52 Cal.3d 894, 900-901 [210 Cal.Rptr. 623, 694 P.2d 736]; *People* v. *Jackson* (1985) 37 Cal.3d 826, 837-838, and fn. 15 [276 Cal.Rptr. 918, 802 P.2d 420].)

■ As we observed in *People* v. *Pieters, supra,* 52 Cal.3d at pages 898-899, "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] But '[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' [Citations.] Thus, '[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' [Citation.] ■ Finally, we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]"

Defendant cites cases holding that, absent a clear legislative direction to the contrary, a trial court retains its authority under section 1385 to strike an enhancement. (See *People* v. *Fritz, supra,* 40 Cal.3d at pp. 229-230; *People* v. *Williams, supra,* 30 Cal.3d at pp. 482-483; *People* v. *Tanner* (1979) 24 Cal.3d 514, 518 [156 Cal.Rptr. 450, 596 P.2d 328]; see also *People* v. *Sutton* (1985) 163 Cal.App.3d 438, 445-446 [209 Cal.Rptr. 536] [recognizing authority under section 1385 to strike deadly weapon use enhancement under section 12022.3, despite failure of Legislature to include such enhancements in section 1170.1, subdivision (h)]; *People* v. *Price* (1984) 151 Cal.App.3d 803, 818-820 [199 Cal.Rptr. 99] [same].)

But it is not necessary that the Legislature expressly refer to section 1385 in order to preclude its operation. (See *People* v. *Rodriguez* (1986) 42 Cal.3d 1005, 1019 [232 Cal.Rptr. 132, 728 P.2d 202] [section 1385 may be held inapplicable "in the face of [a] more specific proscription on the court's power"]; *People* v. *Tanner, supra,* 24 Cal.3d at pp. 519-521 [specific language of section 1203.06 barring probation contained sufficient indicia of legislative intent to preclude judicial exercise of discretion under section 1385]; see also *People* v. *Dillon* (1983) 34 Cal.3d 441, 467 [194 Cal.Rptr. 390, 668 P.2d 697] [deletion of provision indicates legislative intent to change law].) As we stated in *People* v. *Williams, supra,* 30 Cal.3d at page 482, "Section 1385 permits dismissals in the interest of justice in any situation where the Legislature has not clearly evidenced a contrary intent."

What was the intent of the Legislature in deleting from section 1170.1, subdivision (h), the former reference to section 12022.5? As previously noted, the Legislative Counsel's comment indicated the amendment was intended to "delete" the trial courts' authorization to strike the additional enhancement involving the personal use of a firearm in the commission of a felony. Could the Legislature, in deleting reference to section 12022.5, nonetheless have intended to preserve a power to strike that enhancement under section 1385? We conclude otherwise, and a comparison of the respective standards for striking or dismissing enhancements under section 1170.1, subdivision (h), and section 1385, reinforces that conclusion.

Section 1170.1, subdivision (h), permits a court to strike the punishment for an enhancement "if it determines that there are circumstances in mitigation of the additional punishment . . . ." Section 1385, on the other hand, permits dismissal of actions (or enhancements) "in furtherance of justice." Are there significant differences between these standards which might have induced the Legislature to leave section 1385 in place as a vehicle for striking firearm use enhancements? It is quite difficult to conceive of any such differences.

The Judicial Council adopted extensive guidelines to assist in determining whether "circumstances in mitigation" exist to justify striking enhancements or reducing sentences to a lower term. (See Cal. Rules of Court, rule 423, and Advisory Com. Comment.) Rule 423 lists a variety of such "circumstances in mitigation," including facts relating to the crime (such as defendant's minor role or laudable motive in the offense, the small likelihood of its recurrence, the presence of duress or coercion by others, or a mistaken claim of right by the defendant), and facts relating to the defendant (including his

insignificant prior record, mental or physical condition reducing his culpability, or restitution or satisfactory performance on probation or parole). Rule 423's list of mitigating circumstances mirrors many of the considerations we have stated are appropriate in determining whether to dismiss an action under section 1385 in furtherance of justice. (See *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 505 [72 Cal.Rptr. 330, 446 P.2d 138].)

Defendant suggests that the "furtherance of justice" standard is broader than the "circumstances in mitigation" standard, and would include consideration of matters extrinsic to the offense and the offender, such as protection of the public interest. (See *People v. Orin* (1975) 13 Cal.3d 937, 944 [120 Cal.Rptr. 65, 533 P.2d 193].) Although the public interest may well favor *enhancing* a defendant's sentence by reason of his firearm use, it would be quite rare when the public interest, but not "circumstances in mitigation," would justify *striking* such an enhancement. (Such cases seemingly would be limited to situations wherein the *People* seek to strike an enhancement to enable them to rely on the defendant's gun use as an aggravating sentencing factor.) In most cases, if the public interest favors such relief, that fact readily could be deemed a "circumstance in mitigation of the additional punishment." (See, e.g., *People v. Marsh* (1984) 36 Cal.3d 134, 145, fn. 8 [202 Cal.Rptr. 92, 679 P.2d 1033] [noting for purposes of remand that striking enhancements may be justified under section 1385 by number of "mitigating circumstances" in case].)

In short, we believe that, at least in the context of striking firearm use enhancements, the two standards are essentially identical. This conclusion supports the People's position that the Legislature's deletion of section 12022.5 was intended to divest the courts of their statutory authority to strike firearm use enhancements, whether such power be exercised under section 1170.1, subdivision (h), or under section 1385.

As previously stated, in determining the legislative intent underlying a new provision or amendment, we must consider the entire scheme of law of which it is a part. The 1989 amendment to section 1170.1, subdivision (h), was included in a bill (Assem. Bill No. 566 (1989-1990 Reg. Sess.), the "McClintock Firearms" bill) that contained a variety of measures *expanding or enhancing* criminal liability for unlawful firearm use or possession. These new measures included provisions (1) restricting plea bargaining when a defendant personally used a firearm, (2) elevating certain firearm use or possession offenses from misdemeanor/felony ("wobbler") status to felonies, and (3) increasing the term of imprisonment for personal use of a firearm during a felony, as well as (4) the subject provision deleting section 12022.5

from section 1170.1, subdivision (h). (See Legis. Counsel's Dig., Assem. Bill No. 566 (1989-1990 Reg. Sess.).)

In light of the fact that the subject provision is included in a "package" of provisions aimed at enhancing criminal liability for unlawful firearm use, we think it highly unlikely the Legislature intended nonetheless to preserve broad judicial authority under section 1385 to strike a firearm use enhancement "in furtherance of justice."

Defendant observes that prior to the adoption of the foregoing amendment, the Attorney General's Office had urged the Legislature to modify section 1385 to preclude a court from striking a firearm use enhancement in furtherance of justice. Evidently, the Legislature did not deem an amendment to section 1385 necessary in light of its deletion of the specific reference to section 12022.5 in section 1170.1, subdivision (h). This conclusion is supported by a synopsis of Assembly Bill No. 566 prepared by the Senate Committee on the Judiciary, which synopsis referred to the prior ability of courts to strike firearm use enhancements "in the interest of justice," and commented: "This bill would provide that the enhancements shall never be stricken."

Finally, the People observe that although section 1385 provides a broad, general power to dismiss "actions" in furtherance of justice, section 1170.1, subdivision (h), provides a *specific* power to strike specified enhancements. Under well-established rules of construction, any inconsistency between the two provisions would be resolved by applying the more specific provision (and any amendments thereto). (E.g., *People* v. *Tanner, supra*, 24 Cal.3d at p. 521.) Moreover, to accept defendant's argument and hold that section 1385 continues to afford a broad ("furtherance of justice") basis for striking an enhancement under section 12022.5 could effectively negate the 1989 amendment to section 1170.1, subdivision (h). The "furtherance of justice" standard of section 1385 seems broad enough to permit striking an enhancement where mitigating circumstances exist, yet the Legislature in passing the 1989 amendment clearly intended to preclude the exercise of such power. As we previously indicated, a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature could not have intended. (See *People* v. *Tanner, supra*, 24 Cal.3d at pp. 518-520 [construing mandatory language of section 1203.06 as precluding power to strike firearm use finding and grant probation].)

For all the foregoing reasons, we conclude the trial court had no discretion to strike the firearm use enhancement under section 12022.5, and properly

denied defendant's motion for such relief. The Court of Appeal's judgment is affirmed.

Mosk, J., Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.

Appellant's petition for a rehearing was denied January 28, 1993.