[No. B118491. Second Dist., Div. Five. Nov. 12, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
CESAR M. HERRERA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and David C. Cook, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GRIGNON, Acting P. J.**—It is well established that a trial court has no discretion under Penal Code section 1385 to strike the punishment for a

personal firearm use enhancement. (*People* v. *Thomas* (1992) 4 Cal.4th 206, 213-214 [14 Cal.Rptr.2d 174, 841 P.2d 159].) This principle rests to some extent on the deletion by the Legislature in 1989 of personal firearm use enhancements from the list of "strikable" enhancements set forth in Penal Code section 1170.1, former subdivision (h).[1] Effective January 1, 1998, the Legislature repealed Penal Code section 1170.1, former subdivision (h). In the published portion of this opinion, we address whether the repeal of Penal Code section 1170.1, former subdivision (h) has revested trial courts with discretion to strike the punishment for personal firearm use enhancements. We conclude that it has not. In the unpublished portion of this opinion, we address defendant's contentions concerning the trial court's exercise of its discretion by refusing to strike any prior serious felony conviction allegations within the meaning of Penal Code section 1170.12 and the amount of presentence credit to which he is entitled. We modify the judgment and affirm.

## FACTS AND PROCEDURAL BACKGROUND

Defendant was convicted of second degree armed robbery (Pen. Code, §§ 211, 12022.5, subd. (a)) and two prior serious felony conviction allegations (Pen. Code, § 1170.12) were found to be true. The trial court sentenced defendant to 25 years to life. The trial court stayed a four-year personal firearm use enhancement and indicated it had no discretion to strike the prior serious felony conviction allegations. Defendant appealed. We affirmed the conviction, but ordered the trial court to impose a consecutive unstayed term for the personal firearm use enhancement. We remanded the matter to the trial court for exercise of its discretion to strike one or more prior serious felony conviction allegations. After a hearing, the trial court refused to strike any prior serious felony conviction allegations. The trial court, however, failed to vacate the stay of the personal firearm use enhancement as we had ordered. Later, in response to a letter from the Department of Corrections, the trial court dismissed the personal firearm use enhancement. Defendant appealed again, contending the trial court had abused its discretion by refusing to strike and seeking additional presentence credit. We asked the parties to brief the trial court's failure to vacate the stay of the personal firearm use enhancement. In response to our request, defendant contends the recent repeal of Penal Code section 1170.1, former subdivision (h) revests trial courts with the discretion to strike personal firearm use enhancements and he is entitled to the benefit of this discretion.

---

[1] Penal Code section 1170.1 has been renumbered. The current subdivision (h) is former subdivision (i).

DISCUSSION

## I. *Discretion to Strike Firearm Use Enhancement*

We are called on to determine whether the Legislature intended to revest trial courts with discretion to strike the punishment for personal firearm use enhancements pursuant to Penal Code section 1385, when it repealed former subdivision (h) of Penal Code section 1170.1. In the discernment of the legislative intent, we are guided by well-established principles. " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] But "[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." [Citations.] Thus, "[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act." [Citation.] Finally, we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' " (*People* v. *Thomas, supra,* 4 Cal.4th at p. 210.)

Penal Code section 12022.5, subdivision (a)(1) provides in pertinent part that "any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison . . . , unless use of a firearm is an element of the offense of which he or she was convicted."

Prior to 1989, the Penal Code section 12022.5, subdivision (a) personal firearm use enhancement was included in the list of statutory enhancements a trial court had discretion to strike under Penal Code section 1170.1, former subdivision (h). "In 1989, the Legislature amended Penal Code section 1170.1, [former] subdivision (h) . . . , by deleting [Penal Code] section 12022.5 (firearm use enhancements) from the list of statutory enhancements that a trial court might, in its discretion, strike if sufficient 'circumstances in mitigation' exist." (*People* v. *Thomas, supra,* 4 Cal.4th at p. 208.) The Supreme Court in *Thomas* considered "whether trial courts nonetheless may continue to strike such firearm use enhancements 'in furtherance of justice' under [Penal Code] section 1385." (*Ibid.*) The Supreme Court concluded that no such discretion to strike existed under Penal Code section 1385. (4 Cal.4th at pp. 213-214.)

In arriving at its conclusion, the Supreme Court reiterated that the power of a trial court to dismiss an action under Penal Code section 1385 includes the power to strike an enhancement. (*People* v. *Thomas*, *supra*, 4 Cal.4th at p. 209.) The Supreme Court further reiterated that a trial court retains its discretion to strike under Penal Code section 1385 in the absence of a clear legislative direction to the contrary. (4 Cal.4th at p. 210.) The Supreme Court, however, found clear legislative direction to the contrary. First, the Supreme Court looked to the stated intent of the Legislature in deleting personal firearm use enhancements from Penal Code section 1170.1, former subdivision (h), namely, to completely eliminate the trial court's discretion to strike the punishment for a personal firearm use enhancement. Such an express intent obviated an intent to permit the same authority under a different Penal Code section. (4 Cal.4th at p. 211.) Second, the Supreme Court noted that the amendment to Penal Code section 1170.1, former subdivision (h) was included in legislation containing a variety of measures expanding or enhancing criminal liability for firearm use or possession. (4 Cal.4th at p. 212.) Finally, the Supreme Court compared the specific power under Penal Code section 1170.1, former subdivision (h) to strike enhancements with the general power under Penal Code section 1385 to dismiss actions. (4 Cal.4th at p. 213.) Since a firearm use enhancement was not strikable under the specific statute, no right to strike would be implied under the general statute.

■ The Supreme Court again spoke to the mandatory nature of a personal firearm use enhancement in *People* v. *Ledesma* (1997) 16 Cal.4th 90 [65 Cal.Rptr.2d 610, 939 P.2d 1310]. The Supreme Court addressed whether a personal firearm use enhancement imposed pursuant to Penal Code section 12022.5, subdivision (d) is mandatory or discretionary. As a general rule, a firearm use enhancement must be imposed unless the use of a firearm is an element of the underlying felony and then it must not be imposed. (Pen. Code, § 12022.5, subd. (a).) An exception to the general rule is found in Penal Code section 12022.5, subdivision (d) which provides in pertinent part that the firearm use enhancement "may be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of [Penal Code s]ection 245, or assault with a deadly weapon which is a firearm under [Penal Code s]ection 245 . . . ." The issue was whether the "may" language of subdivision (d) made the imposition of the enhancement discretionary. The Supreme Court concluded that subdivision (d) is an exception to subdivision (a), which completely prohibits a personal firearm use enhancement when firearm use is an element of the underlying felony and thus imposition of a personal firearm use enhancement under Penal Code section 12022.5, subdivision (d) is mandatory.

The Supreme Court supported its conclusion with the following analysis. First, it looked to the legislative history of personal firearm use enhancements. (*People* v. *Ledesma, supra,* 16 Cal.4th at pp. 96-97.) Second, it looked

at the statute as a whole. (*Id.* at p. 96.) Third, it relied on legislative history materials indicating an intent to make imposition of the enhancement mandatory. (*Id.* at pp. 98-99.) Fourth, it noted the absence of the section from Penal Code section 1170.1, former subdivision (h). (16 Cal.4th at pp. 99-100.) Fifth, it noted that the courts had interpreted the provision to be mandatory and the Legislature had not altered the statute after having had an opportunity to do so. (*Id.* at pp. 100-101.) Finally, the Supreme Court reiterated the obvious intention of the Legislature to make personal firearm use enhancements mandatory and withdraw discretion to strike from the trial courts. (*Id.* at p. 102.)

It is with this background that we view the 1997 amendments repealing Penal Code section 1170.1, former subdivision (h).[2] The amendments were enacted as part of Senate Bill No. 721 (1997-1998 Reg. Sess.), which was introduced at the behest of the California District Attorneys Association. The bill was intended to simplify California's consecutive sentencing scheme and remove several of the caps and limitations on consecutive sentencing. Senate Bill No. 721, as enacted, made the following major changes to the Penal Code: (1) it abrogated the double-the-base-term cap on the aggregate sentence (Pen. Code, § 1170.1, former subd. (g) repealed); (2) it lifted the prohibition against enhancements for both weapons and injuries (Pen. Code, § 1170.1, subds. (f) and (g)); (3) it required imposition of the full middle term for subordinate consecutive kidnapping counts and the full term for certain enhancements applicable to these subordinate offenses (Pen. Code, § 1170.1, subd. (b)).

As to the repeal of Penal Code section 1170.1, former subdivision (h), the purpose of the repeal was simply to delete a confusing and redundant provision. Enhancements which might be stricken under Penal Code section 1170.1, former subdivision (h) might also be stricken under Penal Code section 1385. In order to insure there would be no doubt as to its intent, the Legislature stated: "In repealing subdivision (h) of [Penal Code s]ection 1170.1, which permitted the court to strike the punishment for certain listed enhancements, it is not the intent of the Legislature to alter the existing authority and discretion of the court to strike those enhancements or to strike the additional punishment for those enhancements pursuant to [Penal Code s]ection 1385, except insofar as that authority is limited by other provisions of the law." (Stats. 1997, ch. 750, § 9.)

In resolving the conflict before us, we start from the following premise: Senate Bill No. 721 contains no language concerning a trial court's discretion to strike personal firearm use enhancements. Defendant urges us to find

---

[2]We have taken judicial notice of the legislative history of Senate Bill No. 721. (Stats. 1997, ch. 750, § 3.)

that by its silence on this subject, the Legislature intended by implication to revest a trial court with discretion to strike a personal firearm use enhancement, a discretion the Legislature specifically and completely abrogated in 1989. That this was so patently not the intention of the Legislature is borne out by the expressed intent, the bill as a whole, and the previously stated intent of the Legislature that personal firearm use enhancements should always be imposed if pleaded and proved.

As stated by the Supreme Court in both *Thomas* and *Ledesma*, in 1989, the Legislature categorically withdrew discretion of the trial courts to strike personal firearm use enhancements. In 1992, the Supreme Court in *Thomas* expressly held that trial courts do not retain discretion to strike personal firearm use enhancements under Penal Code section 1385. The Legislature has had ample opportunity to amend the appropriate statutes to reflect a different intent and it has not done so. Accordingly, it can be presumed that the Legislature is aware of the Supreme Court's interpretation and has acquiesced in that interpretation. Indeed, the legislative history of Senate Bill No. 721 specifically references the Supreme Court's holding in *Thomas* and expressly states its intent that enhancements previously strikable under Penal Code section 1170.1, former subdivision (h) would continue to be strikable under Penal Code section 1385. In repealing former subdivision (h), the Legislature clearly intended to continue in effect the existing statutory and judicial authority. This conclusion is borne out by the inclusion of the repeal in a bill sponsored by prosecutors with a stated intent of eliminating existing consecutive sentence limitations and thereby increasing sentences. "In light of the fact that the subject provision is included in a 'package' of provisions aimed at enhancing criminal liability . . . , we think it highly unlikely the Legislature intended nonetheless to [revest] broad judicial authority under [Penal Code] section 1385 to strike a firearm use enhancement 'in furtherance of justice.' " (*People* v. *Thomas, supra*, 4 Cal.4th at p. 213.)

For all the foregoing reasons, we conclude trial courts continue to have no discretion to strike personal firearm use enhancements under Penal Code section 1385.

Defendant argues, however, that the Supreme Court's holding in *Thomas* was based on the deletion of Penal Code section 12022.5 from the list of enhancements in Penal Code section 1170.1, former subdivision (h). Defendant argues further that since former subdivision (h) has been repealed, the statutory basis for the Supreme Court's decision has failed, requiring a different conclusion. Defendant misinterprets the holding of *Thomas*. The Supreme Court's holding was based on a comprehensive analysis of the

Legislature's intent. It found a clear and unmistakable intent to prohibit trial courts from striking personal firearm use enhancements. As we have demonstrated, nothing in the repeal of former subdivision (h) alters that legislative intent, which continues to be clear and unmistakable.

Since the trial court had no discretion to strike, stay, or dismiss the personal firearm use enhancement, it must be imposed.

II., III.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The judgment and the abstract of judgment are modifed to reflect a four-year unstayed consecutive term for the personal firearm use enhancement. The judgment and abstract of judgment are further modified to reflect presentence credit of 226 days (197 actual, 29 conduct). As modified, the judgment is affirmed.

Armstrong, J., and Godoy Perez, J., concurred.

On December 1, 1998, and December 10, 1998, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied February 17, 1999.

*See footnote, *ante*, page 987.