Filed 8/12/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE GUADALUPE TIRADO,<br><br>    Defendant and Appellant. | F076836<br><br>(Super. Ct. No. BF163811A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. John D. Oglesby, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Jose Guadalupe Tirado (defendant) was, in pertinent part, charged with robbery. It was alleged he personally and intentionally discharged a firearm, which proximately caused great bodily injury to another person. (Pen. Code,[1] § 12022.53, subd. (d).) The jury found him guilty of robbery and found the enhancement true. At sentencing, the trial court denied defendant's motion to strike or dismiss the firearm enhancement pursuant to section 1385.

On appeal, defendant claims the trial court was unaware of its discretion to substitute, for the section 12022.53, subdivision (d) enhancement, a different enhancement within the same section (§ 12022.53, subds. (b) or (c)).

The only section 12022.53 enhancement charged and found true by the trier of fact was subdivision (d). We conclude that, although the trial court had the discretion to strike or dismiss that enhancement pursuant to sections 1385 and 12022.53, subdivision (h), it did not have the discretion to substitute another enhancement for it. We, therefore, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

During the early morning hours of April 10, 2016, Brian P.[2] was inside a convenience store. Defendant and his accomplice entered the store. Shortly thereafter, Brian observed the accomplice attempt to leave the store without paying for a case of beer. As Brian moved into the accomplice's path, the accomplice lowered his shoulder and rushed at him. Brian tackled the accomplice. While Brian and the accomplice were on the floor, defendant moved behind Brian, drew a semiautomatic pistol, and shot Brian in the lower back. Defendant and his accomplice fled with the stolen beer. The clerk called 911. Brian was rushed to the hospital where he received emergency medical

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] For the sake of privacy, we refer to Brian by his first name. No disrespect is intended.

2.

treatment. Surgery was required to remove the bullet.[3] The police located defendant's vehicle parked outside a residence in which a party was going on. An empty beer case was in the roadway. When defendant drove the vehicle away from the residence, he was stopped and arrested.

The Kern County District Attorney's Office filed an information charging defendant as follows: count 1 – willful, deliberate, and premeditated attempted murder (§§ 187, 664, subd. (a)); count 2 – second degree robbery (§§ 211, 212.5, subd. (c)); count 3 – participation in a criminal street gang (§ 186.22, subd. (a)); count 4 – carrying a loaded firearm while a participant in a criminal street gang (§ 25850, subd. (c)(3)); count 5 – driving under the influence of alcohol (Veh. Code, § 23152, subd. (a), a misdemeanor); and count 6 – assault with a semiautomatic firearm (§ 245, subd. (b)). As to counts 1 and 2, the information alleged an enhancement for the personal and intentional discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)). As to count 6, the information alleged enhancements for personal use of a firearm (§ 12022.5, subd. (a)) and personal infliction of great bodily injury (§ 12022.7, subd (a)). The information also alleged as to counts 1, 2, and 6, that defendant acted for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)). Prior to trial, the court granted the People's motion to dismiss counts 3 and 4.

The jury found defendant guilty of second degree robbery (count 2), driving under the influence of alcohol (count 5), and assault with a semiautomatic firearm (count 6). As to the robbery count, the jury found true the enhancement for personal and intentional discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)). As to count 6, the jury found true enhancements for use of a firearm (§ 12022.5, subd. (a)) and personal

---

[3]     The bullet fractured Brian's right hip. For the subsequent month, he required the use of a walker. He continues to suffer from great pain when he walks, as well as loss of movement in his foot.

infliction of great bodily injury (§ 12022.7, subd. (a)).  The jury was unable to reach a verdict as to attempted murder (count 1) or as to any of the alleged gang enhancements.

Prior to sentencing, defendant filed a motion to strike the punishment for the section 12022.53, subdivision (d) enhancement in the interest of justice pursuant to section 1385.  In the motion, defendant argued the court should consider his age, history of employment, limited criminal history, the testimony of several character witnesses, the spontaneous nature of the shooting, and the fact that he was under the influence of alcohol at the time of the offenses.  Defendant also noted the court "could still impose a sentence of well over 10 years" based on the remaining charges and enhancements.  After hearing argument, the court denied the motion, reasoning the egregiousness of defendant's conduct — which it characterized as the shooting of a good Samaritan in his lower back, who defendant did not know, "at point blank," to effectuate a beer run — did not warrant striking or dismissing the enhancement.  The court continued, ". . . I think the whole thought behind the 12022.53([d]) is that when you have a felony, serious felony, a robbery such as that is being committed and someone essentially is armed and inflicts bodily injury, there needs to be a serious punishment for that."  The court sentenced defendant on count 2, robbery, to three years in state prison.  For the section 12022.53, subdivision (d) enhancement, the court imposed an additional 25 years to life.[4]

## DISCUSSION

Defendant contends the trial court committed an abuse of discretion because it was unaware that pursuant to sections 1385 and 12022.53, subdivision (h) it could have

---

[4]    On count 6, assault with a semiautomatic firearm, the court imposed a concurrent term of six years in state prison enhanced by four years pursuant to section 12022.5, subdivision (a) and three years pursuant to section 12022.7, subdivision (a).  On count 5, driving under the influence, the court imposed a concurrent term of 90 days in the Kern County jail.

substituted the section 12022.53, subdivision (d) enhancement with a different enhancement within the same section.**5** We disagree.

Section 12022.53 sets out three different sentence enhancements for the personal use of a firearm in the commission of certain enumerated felony offenses: subdivision (b) provides for a 10-year enhancement for the personal use of a firearm, subdivision (c) provides for a 20-year enhancement for the personal and intentional discharge of a firearm, and subdivision (d) provides for a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death. Before the enactment of Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1 & 2, pp. 5104-5106, eff. Jan. 1, 2018), section 12022.53, subdivision (h) expressly prohibited trial courts from striking section 12022.53 enhancements.**6** Senate Bill No. 620 amended section 12022.53, subdivision (h) to give trial courts discretion to "strike or dismiss" enhancements imposed under this section "in the interest of justice pursuant to section 1385." Section 1385, subdivision (a) also provides that the court may, "in furtherance of justice, order an action to be dismissed." "[T]he power to dismiss

---

**5** On appeal, defendant argues, specifically, the court "had the discretion to strike portions of the firearm enhancement." If the court had stricken "a portion of [the firearm enhancement] finding," his argument goes, it could have imposed a sentence of less than 25 years to life. Defendant did not raise this issue in the trial court. Because we reject defendant's claim of error on the merits, we do not address the People's forfeiture argument.

Additionally, defendant mentions the trial court's failure to "strike portions of the firearm enhancement" violated the federal and state constitutional due process clauses. Other than that bare mention in the caption to this issue raised in his briefing, however, defendant does not expand on his due process claim. We thus decline to consider it further. (*People v. Wharton* (1991) 53 Cal.3d 522, 563.)

**6** Former section 12022.53, subdivision (h) stated: "Notwithstanding [s]ection 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section." (Stats. 2010, ch. 711, § 5.)

an 'action' under section 1385 includes the power to dismiss or strike an enhancement." (*People v. Thomas* (1992) 4 Cal.4th 206, 209.)

The denial of a motion to dismiss pursuant to section 1385 is reviewed for abuse of discretion, and "an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

Defendant's claim is predicated on his interpretation of the court's power pursuant to sections 1385 and 12022.53, subdivision (h). Since defendant raises a question of statutory interpretation, our standard of review is de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95.)

" 'When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls.' [Citation.] '[W]henever possible, significance must be given to every word [in a statute] in pursuing the legislative purpose[.]' " (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131.)

Nothing in the plain language of sections 1385 and 12022.53, subdivision (h) authorizes a trial court to substitute one enhancement for another. Section 12022.53, subdivision (h) uses the verbs "strike" and "dismiss," and section 1385, subdivision (a) states the court may "order an action to be dismissed." This language indicates the court's power pursuant to these sections is binary: the court can choose to dismiss a charge or enhancement in the interest of justice, or it can choose to take no action. There is nothing in either statute that conveys the power to change, modify, or substitute a charge or enhancement.

The reference to section 1385 in section 12022.53, subdivision (h) is also significant. As our high court has noted: "there is a long history of dispute among the various branches of state government over the application of section 1385 to sentencing allegations. . . . The lesson of section 1385's controversial history is that references to the section in sentencing statutes are not lightly or thoughtlessly made." (*People v.*

*Superior Court (Romero)* 13 Cal.4th 497, 521-522.)  By including language in section 12022.53, subdivision (h) that the motion must be made pursuant to section 1385, the Legislature tied the court's power to strike or dismiss section 12022.53 enhancements to the "long history in this state of dismissals in furtherance of justice . . . discussed prominently in case law." (*Romero*, at p. 520.)  Defendant does not cite us to, nor are we aware of, any authority interpreting section 1385 to include the power to modify, change, or substitute a charge or enhancement.  Had the Legislature intended the trial court's power to be broader than what is proscribed by section 1385, it would have said so.

This conclusion becomes even more apparent when we examine statutes that expressly authorize courts to modify a charge or an enhancement.  " 'Where a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent.' " (*City of Emeryville v. Cohen* (2015) 233 Cal.App.4th 293, 309.)  For example, section 1181, subdivision (6), allows a trial court to grant a motion for a new trial "[w]hen the verdict or finding is contrary to law or evidence."  It contains the following modification provision:

> "[I]f the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial[.]" (*Ibid.*)

Similarly, section 1260 gives appellate courts the power to "modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense."  Had the Legislature intended to grant the trial court the power to modify or reduce a firearm enhancement, it would have done so with express language.  Sections 1385 and 12022.53, subdivision (h) contain no such language.

Our conclusion is consistent with the well-settled principle that "prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine . . . what charges to bring." (*People v. Birks* (1998) 19 Cal.4th 108, 134.)

"The district attorney's discretionary functions extend from the investigation and gathering of evidence relating to criminal offenses [citation], through the crucial decisions of whom to charge and what charges to bring, to the numerous choices the prosecutor makes at trial." (*People v. Eubanks* (1996) 14 Cal.4th 580, 589.) "The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch." (*Birks*, at p. 134.)

In the instant case, the prosecution could have alleged all three section 12022.53 enhancements, and if it had done so, the jury would presumably have found all three true. In that circumstance, the court would have had the discretion to strike the section 12022.53, subdivision (d) enhancement and then either impose one of the other two enhancements or strike them as well. However, because the People exercised their charging discretion to allege only one enhancement, the trial court was limited to either imposing or striking that enhancement.

We recognize the trial court has the authority to impose a " ' "lesser included enhancement[]" ' " following trial "when the charged enhancement is either factually unsupported or inapplicable to the offense of conviction." (*People v. Fialho* (2014) 229 Cal.App.4th 1389, 1397; see *id.* at pp. 1391-1392 [trial court imposed uncharged § 12022.5, subd. (a) enhancement in lieu of the § 12022.53, subd. (d) enhancement where the defendant was convicted of voluntary manslaughter as a lesser include offense of murder, rendering the § 12022.53, subd. (d) legally inapplicable]; see *People v. Lucas* (1997) 55 Cal.App.4th 721, 742-743 [uncharged § 12022, subd. (a)(1) arming clause imposed in lieu of the § 12022.5, subd. (a) firearm enhancement that trial court found not supported by substantial evidence].) However, the enhancement at issue here was neither unsupported by the law nor unsupported by the evidence.

We are aware our opinion reaches a holding contrary to that of *People v. Morrison* (2019) 34 Cal.App.5th 217.  We do not find the reasoning in *Morrison* persuasive and respectfully disagree with it.

The trial court understood its discretion under sections 1385 and 12022.53, subdivision (h).  As such, it did not err.

## DISPOSITION

The judgment is affirmed.

_____
DETJEN, Acting P.J.

WE CONCUR:


_____
SMITH, J.


_____
DE SANTOS, J.

9.