Filed 11/6/20  P. v. Griffin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHARLES EDWARD GRIFFIN II,<br><br>　　　Defendant and Appellant. | C090893<br><br>(Super. Ct. No. CR115423) |

Defendant Charles Edward Griffin II appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95, arguing the trial court failed to follow the required procedures before denying the petition.[1]  He further argues that his conviction for attempted murder should have been eligible for relief under section 1170.95.  Defendant also seeks remand for the trial court to consider Senate Bills Nos. 620 and 1393.  We affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

In 1993, defendant was found guilty of attempted murder in the first degree (§§ 664, 187), shooting at an occupied vehicle (§ 246), and being a felon in possession of a firearm (§ 12021). The attempted murder charge included several enhancements: personal use of a firearm (§ 12022.5), infliction of great bodily injury (§ 12022.7), felony committed while on bail (§ 12022.1), prior serious felony conviction (§ 667, subd. (a)), and two prior prison terms (§ 667.5, subd. (a)). Defendant appealed his conviction, which we affirmed. (*People v. Griffin* (Apr. 26, 1994, C016151) [nonpub. opn.].)

In September 2019, defendant filed a petition for resentencing under section 1170.95. In his petition, defendant declared the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder."

The trial court denied the petition stating, "Upon review of the court file the court finds that the defendant was not prosecuted or convicted under a felony murder or murder under a natural and probable consequence theory. The court further finds that defendant's conviction was for [§§] 664/187, attempted murder. For these reasons the court finds that no prima facie showing exists to support defendant's Petition for Re-Sentencing and the Petition is denied without prejudice."

# II. DISCUSSION

## A. *No Violation of Section 1170.95*

Defendant contends the trial court erred by summarily denying his petition without following procedures that he claims section 1170.95 mandates. We disagree.

The parties' dispute turns on the meaning of section 1170.95, subdivision (c), which provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.

2

If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

"It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided."  (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010.) Interpreting the statute as defendant urges would render the first sentence of section 1170.95, subdivision (c) mere surplusage.

The requirement to appoint counsel is not discretionary; it is mandatory, but it does not arise until the petitioner has first made a prima facie showing that he or she falls within the provisions of section 1170.95.  When interpreting statutory language, we do not examine language in isolation but consider it in the context of the statutory framework as a whole.  (*Bruns v. E-Commerce Exchange, Inc*. (2011) 51 Cal.4th 717, 724.)  "When the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text." (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*).)  "The structure and grammar of this subdivision indicate the Legislature intended to create a chronological sequence."  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 332, review granted Mar. 18, 2020, S260493 (*Verdugo*).)  Thus, "we construe the requirement to appoint counsel as arising in accordance with the sequence of actions described in section 1170.95 subdivision (c); that is, after the court determines that the petitioner has made a prima facie showing that petitioner 'falls within the provisions' of the statute, and before the submission of written briefs and the court's

3

determination whether petitioner has made 'a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Lewis*, *supra*, at p. 1140.) "If, as here, the court concludes the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed." (*Verdugo, supra,* at pp. 332-333.) Nor is briefing required.

We agree with those authorities that have concluded the trial court may consider the record of conviction in making its initial determination under section 1170.95, subdivision (c). (*Verdugo, supra,* 44 Cal.App.5th at pp. 329-330, rev. granted; *Lewis*, *supra*, 43 Cal.App.5th at p. 1137, rev. granted.) In defendant's case, summary dismissal of his petition was appropriate because the record of conviction established that "the defendant was not prosecuted or convicted under a felony murder or murder under a natural and probable consequences theory." Instead, the "defendant's conviction was for [§§] 664/187, attempted murder." No further briefing or evidence could aid the court in reaching this conclusion. Indeed, " 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, . . . when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' " (*Lewis, supra,* at p. 1138.)

The trial court did not fail to follow the procedures mandated by section 1170.95.

B.    *Attempted Murder is Not Eligible for Relief Under Section 1170.95*

Defendant argues the Legislature intended to include attempted murder within the purview of Senate Bill No. 1437 (2017-2018 Reg. Sess.) and if it did not, the failure to do so violated equal protection principles. We disagree.

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to

4

human life." (Stats. 2018, ch. 1015, § 1(f).) The bill amended section 188 to provide: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, §§ 2-3.) Section 189, subdivision (e), now provides that a participant in the perpetration or attempted perpetration of a felony specified in subdivision (a) in which death occurs is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Senate Bill 1437 also added section 1170.95, which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).)

The trial court properly found defendant ineligible for relief because his conviction was for attempted murder. Section 1170.95 does not apply to attempted murder convictions. (*People v. Larios* (2019) 42 Cal.App.5th 956, 970 ["section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"], review granted Feb. 26, 2020, S259983.)

Defendant's arguments that section 1170.95 should be construed to apply to attempted murder are unconvincing. There is nothing in the language of the bill, resulting statutory language, or the legislative history indicating the Legislature intended to allow individuals convicted of attempted murder to petition for relief under section 1170.95. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105, review granted Nov.

5

13, 2019, S258175; see *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1017-1018, review granted Mar. 11, 2020, S259948.)  The Legislature's decision to not include attempted murder does not violate equal protection because "those charged with, or found guilty of, murder are, by definition, not similarly situated with individuals who face other, less serious charges.  [¶] . . .  The Legislature is permitted to treat these two groups of criminals differently."  (*Lopez, supra,* at pp. 1109-1110.)  "And there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions."  (*Medrano, supra,* at p. 1018.)

Defendant's conviction for attempted murder is not eligible for relief under section 1170.95.

C.     *Senate Bills Nos. 620 and 1393 Are Inapplicable*

Defendant next argues that on remand, the trial court should be permitted to exercise its new discretion to strike both the section 12022.5 personal use of a firearm enhancement and the section 667, subdivision (a) serious felony prior conviction.

Senate Bill No. 620 (2017-2018 Reg. Sess.), effective January 1, 2018, amended sections 12022.5 and 12022.53 to grant trial courts the discretion to strike firearm enhancements imposed under those statutes.  (§§ 12022.5, subd. (c) & 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, §§ 1-2.)  Prior to Senate Bill No. 620, trial courts had no discretion to strike a firearm enhancement.  (*People v. Thomas* (1992) 4 Cal.4th 206, 208, 212.)  Senate Bill No. 620 applies retroactively to all nonfinal judgments.  (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)

Similarly, Senate Bill No. 1393 (2017-2018 Reg. Sess.), effective January 1, 2019, amended sections 667, subdivision (a) (Stats. 2018, ch. 1013, § 1), and 1385, subdivision (b) (Stats. 2018, ch. 1013, § 2), to allow a trial court to exercise its discretion to strike or dismiss a prior serious felony allegation for sentencing purposes.  This amendment also

6

applies retroactively to cases not yet final. (See *People v. Sexton* (2019) 37 Cal.App.5th 457, 472-473.)

" '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' " (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)

Defendant is not eligible for relief under either amendment because his 1993 conviction has long been final. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [denying remand under Senate Bill No. 620 because the defendant's conviction was final].) Further, his petition for resentencing under 1170.95 was denied, and the denial is affirmed here, so there is no independent basis under which the trial court could consider its discretion to strike defendant's section 12022.5 and section 667 enhancements.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

DUARTE, J.

7