Filed 6/28/22 P. v. Griffin CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090893 |
| Plaintiff and Respondent, | (Super. Ct. No. CR115423) |
| v. | OPINION ON TRANSFER |
| CHARLES EDWARD GRIFFIN II, | |
| Defendant and Appellant. | |

Defendant Charles Edward Griffin II appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95, arguing the trial court failed to follow the required procedures before denying the petition.[1] He further argues that his conviction for attempted murder should have been eligible for relief under section 1170.95. Defendant also seeks remand for the trial court to consider Senate Bills Nos. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, Senate Bill 620) and 1393 (2017-2018

---

[1] Undesignated statutory references are to the Penal Code.

1

Reg. Sess.) (Stats. 2018, ch. 1013, Senate Bill 1393). In our original unpublished decision in this matter, we affirmed the trial court's order. Defendant appealed to the California Supreme Court, which granted his petition for review, and, on February 17, 2022, the Supreme Court transferred the matter back to us with directions to vacate the previous decision and reconsider the matter "in light of Senate Bill No. 775 (Stats. 2021, ch. 551) [(Senate Bill 775)] and *People v. Lewis* (2021) 11 Cal.5th 952 [(*Lewis*)]." We again affirm the trial court's order.

## I. BACKGROUND

"Defendant and Arthur Robertson, the victim, had quarreled over a narcotics transaction. Defendant lay in wait for the victim and as the victim drove by, fired at him twice with a shotgun, severely wounding him." (*People v. Griffin* (Apr. 26, 1994, C016151) [nonpub. opn.].) In 1993, defendant was found guilty of attempted murder in the first degree (§§ 664, 187), shooting at an occupied vehicle (§ 246), and being a felon in possession of a firearm (§ 12021). The attempted murder charge included several enhancements: personal use of a firearm (§ 12022.5), infliction of great bodily injury (§ 12022.7), felony committed while on bail (§ 12022.1), prior serious felony conviction (§ 667, subd. (a)), and two prior prison terms (§ 667.5, subd. (a)). Defendant appealed his conviction, which we affirmed. (*People v. Griffin, supra*, C016151.)

In September 2019, defendant filed a petition for resentencing under section 1170.95. In his petition, defendant declared the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder."

The trial court denied the petition by written order, without appointing counsel or holding a hearing, stating: "Upon review of the court file the court finds that the defendant was not prosecuted or convicted under a felony murder or murder under a

2

natural and probable consequence theory. The court further finds that defendant's conviction was for [§§] 664/187, attempted murder. For these reasons the court finds that no prima facie showing exists to support defendant's Petition for Re-Sentencing and the Petition is denied without prejudice."

## II. DISCUSSION

A.    *Ineligibility Under Section 1170.95*

In his supplemental brief after transfer, defendant argues we must remand for the trial court to reevaluate his petition because section 1170.95 now covers convictions for attempted murder and requires appointment of counsel and a hearing.

"Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015)] 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute on another ground as stated in *People v. Hola* (2022) 77 Cal.App.5th 362, 370.) The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Id.* at p. 843.) At the time the trial court considered defendant's petition, section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder. (§ 1170.95, former subd. (a); see Stats. ch. 1015, § 4.)

In *Lewis*, *supra*, 11 Cal.5th 952, the California Supreme Court resolved a split in the appellate courts regarding the proper prima facie procedure under section 1170.95, subdivision (c), including when counsel must be appointed. The court determined the proper procedure was: "[A] complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis, supra,* at p. 966.) The court also found failures to properly

3

follow section 1170.95 prima facie procedures are state law errors, so to establish prejudice, a petitioner must show that " ' "it is reasonably probable that . . . his [or her] petition would not have been summarily denied" ' " absent the error. (*Lewis, supra,* at p. 974.)

Senate Bill 775, which became effective January 1, 2022 (Cal. Const. art. IV, § 8; Stats. 2021, ch. 551, § 2), amends subdivision (a) of section 1170.95 to include attempted murder convictions: "A person convicted of . . . attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (Stats. 2021, ch. 551, § 2.)

Senate Bill 775 also codified *Lewis* by modifying the initial review process, such that section 1170.95 now explicitly requires appointment of counsel on receipt of a properly completed petition requesting counsel (§ 1170.95, subd. (b)(3)), and then: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

Even though section 1170.95 now provides relief for convictions of attempted murder, defendant was not convicted of attempted murder under the natural and probable consequences doctrine. After transfer, we granted defendant's request to augment the record with the jury instructions from his trial. These instructions, conspicuously not

4

addressed in defendant's supplemental brief, show the jury in defendant's trial was never instructed on natural and probable consequences or any other imputed liability theory. He is therefore ineligible as a matter of law for resentencing under section 1170.95. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205 ["the jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him. He is therefore ineligible for resentencing"].)

Defendant also argues the trial court's summary denial of his petition does not adhere to the modified provisions after *Lewis* and Senate Bill 775 because the court did not appoint defendant counsel, nor did it hold a hearing. But defendant is ineligible for relief as a matter of law. There could be no prejudice in the trial court failing to appoint counsel or not holding a hearing because there is no reasonable probability these procedures could change defendant's ineligibility. Any procedural error here was therefore harmless.

## C. *Senate Bill Nos. 620 and 1393 Are Inapplicable*

Defendant next argues that on remand, the trial court should be permitted to exercise its new discretion to strike both the section 12022.5 personal use of a firearm enhancement and the section 667, subdivision (a) serious felony prior conviction.

Senate Bill 620, effective January 1, 2018, amended sections 12022.5 and 12022.53 to grant trial courts the discretion to strike firearm enhancements imposed under those statutes. (§§ 12022.5, subd. (c) & 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, §§ 1-2.) Prior to Senate Bill 620, trial courts had no discretion to strike a firearm enhancement. (*People v. Thomas* (1992) 4 Cal.4th 206, 208, 212.) Senate Bill 620 applies retroactively to all nonfinal judgments. (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)

Similarly, Senate Bill 1393, effective January 1, 2019, amended sections 667, subdivision (a) (Stats. 2018, ch. 1013, § 1), and 1385, subdivision (b) (Stats. 2018, ch. 1013, § 2), to allow a trial court to exercise its discretion to strike or dismiss a prior

serious felony allegation for sentencing purposes. This amendment also applies retroactively to cases not yet final. (See *People v. Sexton* (2019) 37 Cal.App.5th 457, 472-473.)

" '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' " (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)

Defendant is not eligible for relief under either amendment because his 1993 conviction has long been final. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [denying remand under Senate Bill 620 because the defendant's conviction was final].) Further, his petition for resentencing under 1170.95 was denied, and the denial is affirmed here, so there is no independent basis under which the trial court could consider its discretion to strike defendant's section 12022.5 and section 667 enhancements.

### III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

DUARTE, J.